(60 Misc. Rep. 161.)

### SHELDON v. WHITEHOUSE et al.

(Supreme Court, Special Term, New York County. July, 1908.)

EXECUTORS AND ADMINISTRATORS (§ 438*)—ACCOUNTING—PARTIES.

    Where an administrator with the will annexed, who was also testamentary trustee, sues for an accounting and confirmation of various settlements and releases, and one of the legatees is dead, a legatee of the deceased legatee is not a necessary party; but where the deceased legatee resided in another state, and his will was there proven, the legatee under it may be properly joined as a party, he having an interest in the controversy adverse to plaintiff.

    [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 438.*]

Action by Edwin R. Sheldon against Frances S. Whitehouse and others for leave to file an account. One defendant interposed a demurrer. Demurrer overruled.

Whitehouse & Seymour (Geo. G. Carr, of counsel), for plaintiff.
M. & P. Howland (Barclay J. Savage, of counsel), for defendants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ERLANGER, J. The plaintiff, as administrator with the will annexed and as trustee to execute certain unexecuted trusts of the will of William B. Ogden, deceased, brings this action for leave to file an account of his proceedings, to confirm various settlements, agreements, and releases, and to have judicially allowed, settled, and adjusted his accounts. Of over 150 defendants to the suit only the defendant Charles B. Howland interposes a demurrer to the complaint for legal insufficiency, urging as the sole ground that he is not a necessary or proper party defendant to the action. The demurrer is interposed by him in his capacity as trustee under certain trusts for legatees under the will of Charles C. Tiffany, deceased, and individually as legatee and devisee under said will. It appears from the complaint that the plaintiff has distributed over $1,000,000, and has still large sums for which he must account. One of the legatees and devisees under the will of plaintiff's testator was Julia W. Tiffany, who died, appointing Charles C. Tiffany and Henry E. Howland executors. Charles C. Tiffany died, leaving a will by which Laura Wheeler and Charles P. Howland, the demurrant, were appointed executors. This will, which was admitted to probate in the state of Connecticut, created two trusts to the demurrant Charles P. Howland for certain beneficiaries, and bequeathed a legacy to the said Howland, said to be in the nature of a secret trust.

The contention of the demurrant, briefly stated, is that, while it is necessary to join in this action the executors under the will of Charles C. Tiffany, a legatee under said will is neither a necessary nor proper party defendant. It may readily be conceded that, where a court has jurisdiction over the representatives of an estate, legatees, beneficiaries, or the next of kin may not be necessary parties; but it does not follow that they may not be proper parties defendant. As alreadyı observed; the will of Charles C. Tiffany was probated in the state of Connecticut, and the executors are therefore foreign executors, who must render their account of the property passing through their hands to a foreign tribunal; and, while the plaintiff is not concerned as to the application of the funds by such foreign executors, he is vitally interested in having all parties who have or claim an interest in the fund before the court. In equity a complainant may join not only necessary parties, but may make any person a defendant who has or claims an interest in the controversy adverse to the plaintiff. Clearly this demurrant has an interest in the controversy. In an action as important as is this one, involving a large amount of money, and wherein over 150 parties are before the court interested in the accounting, a court of equity should not be astute to strike out any one defendant who may be even remotely connected with and interested in the subject-matter of the action. Nothing should be done which may render the final accounting abortive as to any person who has or claims to have an interest in the funds. I am clearly of the opinion that in the circumstances the demurrant was properly joined as a party defendant. The fear of the demurrant that he may be burdened' with costs does not appeal very strongly to the court, when it is borne in mind that in this action no personal claim is made against him and that costs are entirely discretionary.

The demurrer is overruled, with leave to withdraw the same within 20 days after the entry of interlocutory judgment, upon payment of costs.

Demurrer overruled.